1

2

3

4

5

6

7   **UNITED STATES DISTRICT COURT**

8   EASTERN DISTRICT OF CALIFORNIA

9   CLARENCE LEON DEWS,                          1:11-cv-02050-BAM (HC)

10                    Petitioner,

11        v.                                      ORDER TO SHOW CAUSE WHY PETITION
                                                  FOR WRIT OF HABEAS CORPUS SHOULD
                                                  NOT BE DISMISSED FOR LACK OF
12                                                JURISDICTION
     SUPERIOR COURT OF STATE OF
13   CALIFORNIA,                                  [Doc. 3]

14                    Respondent.
                                           /
15

16        Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28

17   U.S.C. § 2254.

18        Petitioner filed the instant petition for writ of habeas corpus on December 7, 2011, in the

19   United States District Court for the Central District of California.  The petition was transferred to

20   this Court on December 8, 2011.

21        Petitioner filed the instant petition on October 25, 2004, in the United Sates District Court

22   for the Eastern District of California, Sacramento Division.  By order of November 1, 2004, the

23   action was transferred to the Fresno Division.

24        The Court has conducted a preliminary review of the Petition and finds it is without

25   jurisdiction to hear the case as Petitioner has named an improper respondent.

26        A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state

27   officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules

28   Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v.

                                             1

1   California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having

2   custody of an incarcerated petitioner is the warden of the prison in which the petitioner is

3   incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v.

4   United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court,

5   21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions

6   is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on

7   probation or parole, the proper respondent is his probation or parole officer and the official in

8   charge of the parole or probation agency or state correctional agency.  Id.

9        In this case, petitioner names the Superior Court of the State of California as Respondent.

10  Petitioner is currently in the custody of the California Department of Corrections, and the

11  Superior Court of the State of California cannot be considered the person having day-to-day

12  control over Petitioner.

13       Petitioner's failure to name a proper respondent requires dismissal of his habeas petition

14  for lack of jurisdiction.  Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326,

15  1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2d

16  Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect

17  by amending the petition to name a proper respondent.  See, West v. Louisiana, 478 F.2d 1026,

18  1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)

19  (allowing petitioner to amend petition to name proper respondent); Ashley v. State of

20  Washington, 394 F.2d 125 (9th Cir. 1968) (same).

21       Accordingly, the Court HEREBY ORDERS:

22       1.    Petitioner SHALL SHOW CAUSE why the Petition should not be dismissed by

23             AMENDING the Petition to name a proper respondent within thirty (30) days of

24             the date of service of this order.  To comply with this directive petitioner need

25             only submit a pleading titled "Amendment to Petition" in which he amends the

26             petition to name a proper respondent.  As noted above, that individual is the

27             person having day to day custody over petitioner - usually the warden of the

28             institution where he is confined.  The Amendment should be clearly and boldly

2

1    captioned as such and include the case number referenced above, and be an

2    original signed under penalty of perjury.

3    IT IS SO ORDERED.

4    **Dated:**    **December 21, 2011**            **/s/ Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28